Weygandt, C. J.
 

 The sole question now requiring' consideration and decision by this court is whether the record discloses evidence tending to show that the decedent’s death was the result of an injury sustained in the course of and arising out of her employment. More specifically, was the trial court in error in refusing to direct a verdict in the defendant’s favor?
 

 The theory of the plaintiffs is that their daughter’s fall aggravated an already existing diseased condition and thereby accelerated her death. Reliance is placed upon the liberal pronouncements of this court in the cases of
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894, and
 
 Ackerman
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 371, 3 N. E. (2d), 44, construing Section 1465-82, General Code.
 

 In outlining the evidence the plaintiffs’ counsel used the following language in the opening statement to the jury:
 

 "The evidence will show that that fall disturbed and disarranged and displaced certain of the organs within the body, displaced particularly this ovarian cyst from which she had been suffering, caused it to become loosed from its place and to become lodged against
 
 *369
 
 other organs, causing the obstruction resulting in abdominal pain, necessitating first the former surgical operation of which I spoke, and necessitating eventually later surgical operations; that this surgery necessarily cutting through the cervical tissue, flared up what the doctors in their opinion believe was already a cancerous tissue, aggravated that condition which then existed and so accelerated and hastened the death of Edna Hoppe.”
 

 In contrast, counsel for the defendant stated to the jury that the evidence would he as follows:
 

 “So that you will see that there isn’t any direct and immediate connection between the fall into the pit and her death from cancer, but on the contrary the evidence will show — or perhaps I might put it in this way— will fail to show except by supposition and guesswork that this tumorous cyst went down as a result of the fall. And then comes the break in the evidence — that the death from cancer, if accelerated at all, was accelerated from the surgeon’s knife in cutting through certain tissues which it was necessary to cut. The doctor will testify that that is one of those things that may cause the cancer to flare up, that is, cutting through the tissue — not the fall.
 

 “And in addition to that there will be the testimony of Dr. Steinberg, who made the examination of this cancerous tissue, and who says positively there wasn’t the slightest connection between the lady’s fall into the pit and her death from cancer about nineteen months later.”
 

 Does the record disclose competent evidence tending to substantiate the plaintiffs’ theory of the case?
 

 First, it should be observed that the cancer or carcinoma is not claimed to have been in existence on September 27, 1934, when Miss Hoppe fell. It is contended that the diseased condition existing at that time consisted of a so-called “chocolate cyst or ovarian tumor.”
 

 
 *370
 
 The record contains the testimony of three physicians. Two were called by the plaintiffs and one by the defendant. Only one — Dr. Renshaw — saw or examined Miss Hoppe who went to his office the day she fell. He next examined her five days later. At that time she complained of pain in her abdomen, and the doctor reached the conclusion that probably she was suffering from a pelvic tumor which was pressing against the colon. About five weeks later on November 9,1934, he performed an operation and discovered that his original diagnosis was incorrect. He found and removed a large chocolate cyst of the right ovary. In this operative process he accidentally injured the colon by tearing a hole in it, but this subsequently healed and caused no further difficulty. During- the operation he also removed all of the uterus except the cervix. From his experience he drew the inference that when Miss Hoppe fell she dislocated the ovarian cyst which then became wedged against the,colon. The defendant does not complain about this first inference but does object to subsequent inferences.
 

 On April 26, 1935, Miss Hoppe complained to Dr. Renshaw about vaginal bleeding and he removed a cervical polyp. Then on May 8, 1935, he performed a further operation by removing cervical tissue which was discovered to be cancerous. From this experience the doctor drew a second inference to the effect that this cancer was present six months before when he performed the first operation and tore the colon, although he testified that his examination at that time disclosed no cancer.
 

 Then upon this second inference the doctor based a third that the growth of this cancer was accelerated by the cutting incident to the first operation, thus causing Miss Hoppe’s death earlier than it otherwise would have occurred.
 

 The opinion evidence of the plaintiffs’ second physician is based upon the factual statements of the first.
 

 
 *371
 
 Clearly the inferences here relied upon are in violation of the fundamental rule that an inference of fact cannot be predicated upon another inference, but must be based upon a fact supported by evidence.
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634.
 

 The judgments of the lower courts must be reversed and final judgment rendered for the defendant.
 

 Judgment reversed and final judgment for appellant.
 

 Zimmerman, Turner, Matthias and Hart, JJ., concur.
 

 Day, J., concurs in the syllabus but not in the judgment.