Westinghouse Electric Corp. et al., Appellants, *v.* Dolly Madison Leasing & Furniture Corp., Appellee.

[Cite as Westinghouse Electric Corp. v. Dolly Madison Corp. (1975), 42 Ohio St. 2d 122.]

(No. 74-504—Decided April 16, 1975.)

124

*Messrs. Dinsmore, Shohl, Coates & Deupree, Mr. Smith H. Tyler, Jr., Mr. Thomas S. Calder, Messrs. Robins, Davis & Lyons, Mr. James L. Fetterly* and *Mr. Robert M. Wattson,* for appellants.

*Messrs. McCaslin, Imbus & McCaslin, Mr. C. J. De-Michelis, Messrs. Lindhorst & Dreidame* and *Mr. Robert F. Dreidame,* for appellee.

-I-

STERN, J.  The primary issue is whether defendant was entitled to a directed verdict on the ground that there was insufficient evidence from which the jury could infer that careless smoking was the cause of the fire.  The only evidence of the cause of the fire was circumstantial evidence and expert testimony.  Defendant argues that careless smoking was only one of several equally probable causes, and that plaintiffs failed to effectively eliminate those causes,

This argument relies largely upon this court's decision in *Gedra* v. *Dallmer Co., supra* (153 Ohio St. 258). The syllabus of that case provides:

"1. In a negligence action, it is essential for recovery that plaintiff prove by a preponderance of evidence not only that defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiff's injury.

"2. In a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible.

"3. In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant."

A similar rule was applied in other cases: *Gerich* v. *Republic Steel Corp.* (1950), 153 Ohio St. 463, 92 N. E. 2d 393; *Landon* v. *Lee Motors* (1954), 161 Ohio St. 82, 118 N. E. 2d 147; *Burens* v. *Indus. Comm.* (1955), 162 Ohio St. 549, 124 N. E. 2d 724; *Brecount* v. *Procter & Gamble Co.* (1957), 166 Ohio St. 477, 144 N. E. 2d 189; *McKee* v. *Electric Auto-Lite Co.* (1958), 168 Ohio St. 77, 151 N. E. 2d 540; *Hoppe* v. *Indus. Comm.* (1940), 137 Ohio St. 367, 30 N. E. 2d 703.

The logic of those cases is that a jury verdict may not be based upon mere speculation or conjecture. In each case, the plaintiff's evidence was held to be either incomplete or so inconclusive that no inference could reasonably be drawn which would support plaintiff's claim. Thus, it was held that one could not reasonably infer, solely from the fact that a man collapsed at work, that his death was caused by preexisting heart ailment, where no evidence was offered of such ailment (*Gerich* v. *Republic Steel Corp.*,

*supra*) ; that an injury to one eye caused glaucoma in both eyes, since the medical cause of glaucoma was unknown (*Brecount* v. *Procter & Gamble Co., supra*) ; or that a heart attack was induced by injuries to the head, where it was impossible to determine that the injuries were not caused by the fall which resulted from the heart attack (*Burens* v. *Indus. Comm., supra*).

In similar cases, it is sometimes said that where the probabilities are evenly balanced between negligence and its absence, it is the duty of the court to find that the plaintiff's burden of proof has not been met. Such language is incorrect to the extent it suggests that the court is assuming the jury's function of weighing the evidence. More accurately, the court is to direct a verdict where the evidence is either defective because some crucial link in the evidence is missing, or is so imponderable that no one can reasonably say that the evidence tends to or fails to establish negligence.

Where there is a failure to warrant an inference of negligence, the rule in *Gedra* applies. That rule merely states the logical principle that where several reasonable explanations of an event are possible, the disproof of all but one necessarily acts as the proof of that one, and there are cases where this method of proof is the only way in which plaintiff can make his case. The rule does not intrude on the jury's role as the finder of facts, nor does it impose on a plaintiff the burden of always effectively eliminating all other possible causes in order to make his case, which would impose a burden of proof analogous to the burden in criminal cases of proof beyond a reasonable doubt. Rather, the rule holds that where the facts from which an inference of probable proximate cause must be drawn are such that it is as reasonable to infer other causes, plaintiff has failed to supply proof of probable cause. Where plaintiff has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated.

The application of this rule depends upon the facts of

each individual case. In *Gedra*, for example, the plaintiff was seated in a theater when she was bitten or scratched by a rat. There was evidence that in proximity to the theater were restaurants and grills which became breeding places for rats. Since a rat could have come into the theater from one of those breeding places, regardless of any precautions that the owner of the theater might take to prevent rats, the court held that there was no evidence that plaintiff would not have been bitten or scratched but for defendant's negligence. "Assuming the rat which injured plaintiff could have originated in defendant's theater, it is equally certain that the rat could have originated from premises over which defendant had no control and that it got into defendant's theater without any negligence on the part of defendant. In such a situation the law is that there can be no guessing by either court or jury. There must be some evidence, direct or inferential, that the agency which produces an injury is the result of the negligence of a defendant before he can be held liable therefore * * *." *Gedra v. Dallmer Co., supra*, at 265.

In the instant case, unike in *Gedra*, there was sufficient proof offered from which it was reasonable to infer that the fire was caused by the negligence of Jones, defendant's employee. There was testimony to the effect that Jones was in the vicinity of the closet which was the point of origin of the fire; that he was smoking; that he would probably have had to dispose of a cigarette butt while near the closet; that there were flammable materials in the closet and paper which could be set on fire by a dropped cigarette; and that the interval of time before the discovery of the fire was compatible with a fire caused by a dropped cigarette. The testimony on these facts was disputed, and the jury could have chosen to disbelieve any or all of them, but the theory was nonetheless one upon which reasonable minds could differ, and therefore raised a question for the jury.

Defendants suggested that other causes of the fire were possible, such as spontaneous combustion, arson, or sparks from a locomotive. However, all these possible causes were

questions of fact for the jury and none acted to prevent the drawing of an inference of defendant's liability, as they would, for example, if they established that some other cause was the only one possible. None of defendant's theories of the cause of the fire amounted to more than the suggestion that other causes were possible, and none amounted to proof that the evidence presented by plaintiffs did not permit an inference that careless smoking by defendant's employee caused the fire. Suggestion of other causes is limited only by the limits of human imagination, and are not a basis for taking a case from the jury.

The distinction between those possible causes which, as a matter of law, render the drawing of an inference of negligence impermissible, and those which involve the weighing of evidence by the jury, can best be illustrated by an example.

In the instant case, plaintiffs could prove all the facts they allege and still not make out a case, if it were also proved that other persons were smoking near the closet, who were not employees of defendant, and that it was as reasonable to infer that one of their cigarettes caused the fire. In that hypothetical case, plaintiffs' evidence, no matter how convincing, would not warrant an inference that defendant's negligence was responsible for the fire, for it would be a matter of speculation as to who had tossed the guilty cigarette butt. Because an inference of defendant's negligence would be impermissible on those facts, plaintiffs would have the burden of eliminating the carelessness of the other smokers in order to make out a case for the jury.

In the instant case, plaintiffs presented evidence from which it was reasonable to infer that defendant's negligence was the cause of the fire, and defendant's evidence did not prevent that inference. It was, therefore, error for the Court of Appeals to reverse the decision of the jury.

-II-

Toward the close of the trial, plaintiffs requested that the fire department investigative report be admitted in evidence. Defendant objected, on the ground that the re-

port contained hearsay, including summaries of statements made by several of plaintiffs' witnesses who were interviewed during the fire investigation. The trial judge admitted the report, except for statements by anyone who did not appear at the trial. In fact, all the statements in the report were by persons who appeared as witnesses, either in person or by deposition. R. C. 2317.42 provides that:

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."

This statute allows the admission of official records, although these records may constitute hearsay, in so far as they consist of facts recorded by public officials who are not present as witnesses. However, the statute does not render admissible statements contained in official reports, where such statements are themselves hearsay. See *Schmitt* v. *Doehler Die Casting Co.* (1944), 143 Ohio St. 421, 55 N. E. 2d 644; *Green* v. *Cleveland* (1948), 150 Ohio St. 441, 83 N. E. 2d 63; *Stough* v. *Indus. Comm.* (1944), 142 Ohio St. 446, 52 N. E. 2d 992.

Neither the fire chief nor the deputy fire chief could have testified as to the contents of statements made to them during their investigation of the fire, at least for the purpose of showing the truth of facts asserted. Such evidence is not made competent by commitment to writing in an official report, since it remains evidence not subject to cross-examination and not based on first-hand knowledge.

Plaintiffs claim that the defendant opened the door to admission of the report by cross-examination of the fire chief and his deputy as to the extent and accuracy of their investigation, and as to omission from their report of various facts and events claimed to support the finding of careless smoking as a probable cause. However, the questions on cross-examination did not concern statements made by the witnesses, but were limited to questions concerning

physical examinations made during the fire investigation. This did not open the door to admit the hearsay statements contained in the report. *Derrick* v. *Blazers* (1959), 355 Mich. 176, 93 N. W. 2d 909.

Because the admission of the hearsay contained in the investigative report was error, and because we cannot find that this potentially prejudicial evidence did not prejudice the jury or that substantial justice has been done (*Hallworth* v. *Republic Steel Corp.* [1950], 153 Ohio St. 349, 91 N. E. 2d 690; *James Wilson & Co.* v. *Barkalow* [1860], 11 Ohio St. 470), we agree with the Court of Appeals that the judgment of the trial court must be reversed.

-III-

The Court of Appeals held to be error the admission in evidence during cross-examination of defendant's expert witness, the chief of the Cincinnati Arson Squad, of a film owned by the Cincinnati Fire Department. The witness testified that he had seen the film once, that the film was used by persons in the department he headed as a public relations film, and that he did not recall whether there was any sequence in the film involving cigarettes. Plaintiffs obtained the film by subpoena and offered it in evidence during further cross examination of the witness. One sequence in the film showed a cigarette being dropped on a piece of newspaper, which was then set on fire. Defendant objected, claiming that the sequence had been staged and that the newspaper had actually been lit by a match. The film was admitted in evidence and shown to the jury during cross-examination. Upon redirect, the witness was permitted to explain that the newspaper was set on fire by a match and that he remained of the opinion that it was very unlikely for a dropped cigarette to set paper on fire.

A party to an action is generally entitled to submit evidence tending to affect the credibility of an opposing witness, for the credibility of a witness is always at issue. One of the primary methods of attacking credibility is by showing that a witness has made other statements contradictory to or inconsistent with his testimony. In the

instant case, the witness knowingly allowed fire department employees, in the department he headed, to show to the public a film depicting an event which, by the witness's testimony, was virtually impossible. The fact that the witness testified to his belief that it is virtually impossible for a dropped cigarette to set paper on fire, but that he acquiesced in the public showing of a film depicting the occurrence of that very event was an inconsistency in behavior which could be taken by the jury to reflect upon the credibility of the witness, with whatever weight they might consider that it deserved. Because the film was admissible for the purpose of impeachment to show inconsistency, the fact that the film did not qualify as substantive evidence of the starting of fires by cigarettes was irrelevant.

In the instant case, an adequate foundation for admission of the film was laid during cross-examination, *King* v. *Wicks* (1851), 20 Ohio 87, and the witness was allowed to explain the apparent inconsistency upon redirect. The admission of the film was therefore not error, and the question of the weight to be given to it was properly one for the jury.

-IV-

The Court of Appeals reversed the trial court and entered judgment for the defendant. We affirm the Court of Appeals to the extent of vacating the judgment of the trial court, but for the reasons stated herein, we do not find that defendant is entitled to judgment as a matter of law. We therefore vacate the entry of judgment by the Court of Appeals, with instructions that the cause be returned to the Court of Common Pleas for a new trial.

*Judgment reversed in part and affirmed in part.*

O'Neill, C. J., Herbert, Corrigan, Celebrezze and W. Brown, JJ., concur.

P Brown, J., concurs in the judgment.