OPINION
Appellants set forth the following assignments of error:
 "I. THE TRIAL COURT ERRED BY NOT ALLOWING APPELLEE'S ADJUSTOR, ON CROSS EXAMINATION BY APPELLANT'S ATTORNEY, TO TESTIFY ABOUT HIS REPORT OR REPORTS HE OBTAINED, OR TO ADMIT INTO EVIDENCE HIS REPORT OR REPORTS HE OBTAINED.
 "II. THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANT'S ATTORNEY TO ADMIT INTO EVIDENCE EXHIBITS `3' AND `4.'"
 "III. THE TRIAL COURT ERRED BY ALLOWING APPELLEE'S EXHIBITS, HH, II, AND JJ INTO EVIDENCE.
 "IV. THE COURT ERRED IN NOT ALLOWING THE APPELLANT'S ATTORNEY TO QUESTION HIS CLIENT AFTER THE APPELLEE'S ATTORNEY CALLED THE APPELLANT ON CROSS EXAMINATION."
The facts that are relevant to the issues raised on appeal are as follows. On September 4, 1992, a fire occurred on property owned and operated by appellant V-P Food Enterprises, Inc. ("V-P Food"), causing $9,322.05 in damages. After the fire, V-P Food submitted a claim to its insurer, appellee The Cincinnati Insurance Company ("Cincinnati"), for its losses. Based on the evidence obtained during its investigation of the circumstances surrounding the fire, Cincinnati refused payment of V-P Food's claim on the grounds of arson and intentional misrepresentation by the insured.
On July 29, 1993, V-P Food filed a complaint alleging claims for breach of the insurance contract, bad faith and punitive damages. On May 13, 1994, Cincinnati filed a motion for partial summary judgment. Before the trial court ruled on the motion, however, V-P Food voluntarily dismissed the complaint.
On January 18, 1995, V-P Food refiled its complaint. Vasilios Moraitis and Pete Samonides, the individual principals of V-P Food, were named plaintiffs in this action, although neither was named on the insurance policy. The claims of Moraitis and Samonides were dismissed by the trial court on summary judgment filed August 22, 1995, leaving V-P Food as the sole plaintiff. Prior to trial, the trial court bifurcated the bad faith claim and dismissed the punitive damage claim. The case proceeded to trial by jury solely on the claim for breach of the insurance contract. V-P Food presented its case in chief by way of stipulation. On October 23, 1996, the jury returned a unanimous verdict in favor of Cincinnati.
In its first assignment of error, appellant asserts that the trial court erred by not allowing appellee's insurance adjuster Brad Crow to testify about reports he made and obtained, and by ruling that the reports were not admissible. During appellee's case in chief, appellant sought to cross-examine Crow as to the "Status Log Report" Crow had prepared as part of his investigation of the claim and to have the report admitted into evidence. Appellant argues that the report and Crow's testimony would have shown that entry to the building was gained through a second-story window and would have rebutted appellee's testimony that Samonides and Moraitis let themselves in one of the doors and set the fire.
Appellee responds that the report and any testimony Crow would have provided as to the report was inadmissible double hearsay, excluded under Evid.R. 602, and irrelevant to any claim or defense issue at trial. Appellee asserts that the status log contained information about which Crow did not have personal knowledge.
"An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217.
Evid.R. 602 states in relevant part:
 "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. * * *"
The record indicates that during the course of appellant's cross-examination of Crow, the witness referred numerous times to the status log report he had prepared. Appellant's counsel then asked Crow whether he had stated in the report that entry apparently was gained through a window on the second floor. At that time, appellee's counsel objected on the basis of hearsay. The trial court asked the witness if he had any personal knowledge as to how entry was gained to the building and the witness responded: "I was only relaying what the insured told me at the time. He said that's what he was told that there * * *." The trial court then sustained the objection.
The trial court established that witness Brad Crow had no personal knowledge as to how entry was gained to the building and, pursuant to Evid.R. 602, did not abuse its discretion in ruling that Crow's testimony and the status log report were inadmissible.
Appellant also argues that he was improperly denied the right to cross-examine Crow as to the contents of a risk analysis report Crow prepared after the fire. Appellant fails to provide any argument in support of this claim, however, or show that he was prejudiced in any way therefrom. Accordingly, we are unable to find that the trial court abused its discretion by denying appellant the right to cross-examine the witness as to the risk analysis report and this argument is without merit.
Accordingly, appellant's first assignment of error is not well-taken.
Appellant argues in his second assignment of error that the trial court improperly ruled that a fire department report from March 24, 1991, regarding a fire that occurred on the same property on that date, and a police report concerning the same fire, were inadmissible. Appellant asserts that the reports should have been admitted as public records exceptions to the hearsay rule. Appellee responds that simply because the reports might be considered public records does not render them admissible since they contain material that is otherwise inadmissible.
The two reports were excluded by the trial court because they contained inadmissible hearsay and were investigative and evaluative in nature.
R.C. 2317.42 provides that:
 "Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."
The statute does not render statements contained in official reports admissible, however, when such statements are themselves hearsay. Westinghouse Electric Corp. v. Dolly MadisonCorp. (1975), 42 Ohio St.2d 122, 130. In Westinghouse, which arose out of a dispute over an insurance claim filed after an industrial fire, the Supreme Court held that a fire investigation report was inadmissible hearsay because it contained statements which were hearsay. The report at issue in Westinghouse contained statements made to fire department officers during their investigation of the fire. "Such evidence is not made competent by commitment to writing in an official report, since it remains evidence not subject to cross-examination and not based on first-hand knowledge," the Westinghouse court reasoned. Id. at 130.
Similar to the report in Westinghouse, supra, it is clear that the two reports herein are investigative and evaluative in nature. The fire department's incident report contained statements which were the opinion of either the officer who prepared the report or of someone else who had investigated the 1991 fire. Appellant did not establish who had prepared the report or offer to have that person testify. The supplemental crime report prepared by the police department contained numerous opinions as to the cause and origins of the same fire and the estimated dollar loss, as well as the opinion of the writer that someone must have entered the building with keys because there were no signs of forcible entry. The writer of the reports could not have testified as to the statements made and included in the reports, at least for the purpose of showing the truth of the facts asserted. The reports contained hearsay and, pursuant toWestinghouse, were inadmissible. Accordingly, the trial court did not abuse its discretion and appellant's second assignment of error is not well-taken.
In its third assignment of error, appellant asserts that the trial court erred by allowing four of appellee's exhibits into evidence because they contain hearsay. In its one-sentence "argument," appellant does not specify what the exhibits were, does not provide any argument in support of this claim and does not show how it was prejudiced by admission of the exhibits. Accordingly, this court finds no showing that the trial court abused its discretion by admitting appellee's exhibits and this assignment of error is not well-taken.
In its fourth assignment of error, appellant asserts that the trial court erred by not allowing appellant's counsel to do direct examination of Moraitis Samonides, a potential rebuttal witness for appellant who had been called in appellee's case in chief as if on cross-examination. Appellant asserts that it was prejudiced by the ruling because a delay of several days before the witness could have re-taken the stand would have been too distant in time to allow for an adequate rebuttal and would have confused the jury. Appellee responds that appellant never called any rebuttal witnesses and therefore cannot claim prejudice from the trial court's ruling, and asserts further that decisions as to the order in which witnesses are examined are within the trial court's discretion.
The trial court told appellant's counsel that Samonides could be called and questioned during appellant's rebuttal. Although appellant argues that it was prejudiced thereby, the record shows that appellant did not call Samonides or any other witnesses on rebuttal. It is well-settled that the trial court possesses the inherent power to regulate the court proceedings and a ruling or order of the court affecting the conduct of the trial will not be reversed unless the complaining party shows a prejudicial abuse of discretion. Holm v. Smilowitz (1992),83 Ohio App.3d 757, 771. Appellant has failed to show how it was prejudiced by the trial court's ruling herein. Accordingly, we find that the trial court did not abuse its discretion and appellant's fourth assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.