JOURNAL ENTRY AND OPINION
Defendant-appellant Glenn Morley appeals the trial court's decision to grant the plaintiff-appellee Tara Reidy's motion for a directed verdict on the issue of liability. The appellant also appeals from the trial court's decision to grant prejudgment interest to the appellee. This action was filed by the appellee to recover for injuries she suffered after she was struck, while a pedestrian, by the appellant's motor vehicle.
On December 26, 1998, at approximately 4:00 p.m., the appellant drove his 1995 Chrysler Concord to the South Park mall in Strongsville, Ohio, and parked it in the parking lot. The front passenger was the appellant's wife and his two children were in the rear seat. The appellant parked his automobile in aisle 15, an aisle where the front of the vehicles are pointed towards the building. The appellant testified that he parked his vehicle to the right of Houlihan's Restaurant when facing the mall and approximately twenty vehicles from the front. An hour after eating at the food court in the mall, the Morley family exited the mall building. At this point the sun was setting.
The appellant described the events prior to the impact with the appellee. He testified that he turned on his headlights and backed his motor vehicle out into the aisle. The children were talking to each other. The appellant proceeded up the aisle toward the mall building and stopped to permit a parked car pulled out in front of him. He then followed this car to the end of the aisle. The vehicle in front of him turned right when it reached the mall roadway. Upon reaching the intersection of the aisle and the mall roadway, Morley looked left, then right, and quickly back again. When the intersection was clear the appellant began his turn to the right. Morley testified that: There was someone walking when I first departed my spot away from me. It may or may not have been Mrs. Reidy. I really don't know. It was just a person walking between some cars and they started up the aisle. I was moving the opposite way. That's the only pedestrian I saw. (T. 18). If the appellee was not the person walking in the parking lot, then the appellant did not see her prior to the impact.
The appellant testified that he only realized that something had happened when his wife directed him to stop the car. His wife stated that there was someone next to the car whom he may have struck. The appellant never observed Ms. Reidy make contact with his vehicle. After he stopped the car, his wife carefully exited the vehicle because the appellee virtually blocked the front passenger door. Morley testified that he did not see the appellee prior to impact. He stated that he would have seen someone moving up the aisle next to him or someone in front of him.
Tara Reidy testified that she had arranged with friends to meet them at Houlihan's for dinner. She parked her vehicle in the parking lot and entered the mall. She arrived at approximately 5:00 p.m. and had used her headlights when driving. As she was waiting for her table in the restaurant, she began to worry that she had failed to turn off her headlights. She exited the restaurant and returned to the parking lot. She proceeded down the aisle in which the appellant had parked. When she reached a point at which she could observe her vehicle, she noted that her lights were off. She turned around and proceeded back towards the mall in order to return to Houlihan's. Ms. Reidy returned by the same route she had traveled to obtain a view of her motor vehicle.
Ms. Reidy testified regarding her version of the accident:
Q: Tell us what happened.
 A: Well, I was cold and I had walked up there, but as I started back, I started to jog very slowly, you know, just a kind of warm up, a little, and I came to the tip of the aisle. I hesitated. I looked to the right to see if any traffic was coming across the big road and there was none, and I was preparing to, you know, finish my stop and turn and look to the left to see if any traffic was coming from that direction, and as before I was able to do that, I was impacted from behind and knocked to the ground, and shocked by it.
 I staggered around, tried to catch my balance and found myself on the ground. I had brought one of my feet up almost instantly to try to jump back up. I didn't know what had happened, but as my foot was planted there, I saw that a car had hit me and the car was right here and it rolled I watched the wheel roll over my foot and that's it.
(T. 68-69).
Ms. Reidy continued her testimony and stated that was struck above her knee on her left leg. The appellee believes that she was stuck by the right front bumper of the appellant's vehicle, but since she was struck from behind she can only make a presumption. Ms. Reidy was struck by the car, knocked to the ground, and was staggering as she turned around. On the second impact the appellant's vehicle rolled over her foot. Ultimately, EMS arrived and Ms. Reidy was taken to the hospital for examination. Ms. Reidy identified a photograph showing a bruise on the back of her left leg.
Dr. Richard Zirm, a podiatrist, testified as to the appellant's injuries. Dr. Zirm treated the appellee in the emergency room and, after x-rays, determined that she had contusions and fractures of the third, fourth, and fifth metatarsal. The injuries required surgery which was performed and the appellant ultimately healed. Dr. Zirm testified that the appellee suffered a crush fracture type of an injury and that there is no question but that the foot was traumatized in such a way as to be consistent with a car running over the foot (T. 40).
The appellant sets forth two assignments of error.
The first assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S MOTION FOR DIRECTED VERDICT ON LIABILITY.
In the first assignment of error, the appellant asserts that it was error for the trial court to grant the appellee's directed verdict because he presents an alternate theory of the accident. The appellant argues that these conflicting versions of the accident required the decision to be left to the jury. The appellant points out that in his answer he asserted the defense of comparative negligence and that an inference may be made either that the appellee did not travel the route to and from her vehicle the same way she testified, or that she failed to use her senses to prevent her injury. The appellant buttresses these assertions by claiming that the laws of physics do not support the appellee's injuries if the accident had occurred as the appellee testified. In his reply brief the appellant cites to Westinghouse Elect. Corp. v. Dolly Madison Corp. (1975), 42 Ohio St.2d 122 for the proposition that where there is a reasonable inference that there are other causes, the plaintiff has failed to supply proof of probable cause and, therefore, a directed verdict is improper.
In Wagner v. Midwestern Indemnity Co. (1998), 83 Ohio St.3d 287, the Supreme Court held that:
 Civ.R. 50(A)(4) provides, When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue. In Wagner v. Roche Laboratories(1996), 77 Ohio St.3d 116, 671 N.E.2d 252, we stated further, `When a motion for a directed verdict is entered, what is being tested is a question of law, that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses.' Id. at 119, 671 N.E.2d at 255, quoting Ruta v. Breckenridge-Remy Co.(1982), 69 Ohio St.2d 66, 68-69, 23 Ohio Op.3d 115, 116-117, 430 N.E.2d 935, 938.
In Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, the Supreme Court noted that burden of proving affirmative defense is on defendant. It has also been held that in order to withstand a directed verdict motion on the issue of proximate cause, the party with the burden of proof must produce evidence which does more than furnish a basis for a choice among various possibilities, the party must produce evidence to provide a reasonable basis for sustaining his claim. Burdick v. Nevel (April 20, 1999), Franklin App. No. 98AP-697, unreported, citing to Lord v. Daugherty (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, Westinghouse Electric Corp. v. Dolly Madison Corp. (1975), 42 Ohio St.2d 122, 127,326 N.E.2d 651. The parties bearing the burden of proof must provide evidence which, when favorably construed, permits a finding that the parties have met their burden without requiring speculation or a leap of logic regarding an essential element of the claim. Burdick, supra, citing to State Farm Fire Cas. Co. v. Chrysler Corp. (1988), 37 Ohio St.3d 1,523 N.E.2d 489. Thus, it is clear that a case may not be based upon conjecture or speculation. Westinghouse, supra. Suggestion of other causes are limited only by the limits of the human imagination, and are not a basis for taking a case to the jury. Id. The mere presentation of a theory without any supporting evidence is not sufficient.
In the case sub judice, the trial court properly granted the appellee's motion for directed verdict. This court finds that the logical conclusion, when applying the test for granting a directed verdict and the law stating that there must be evidence and not conjecture to support a claim, is to grant a plaintiff's motion for a directed verdict against a defendant where proper evidence supporting the affirmative defense is not presented. Here, it is not contested that the appellant actually struck the appellee with his automobile. The appellee presented her version of events and supported that version with evidence. The appellant has another version, which, on the surface, seems to raise a simple issue of fact which would preclude a directed verdict. However, outside of making the assertion, the appellant presented no evidence, let alone expert testimony, that his version of the facts was even possible. The jury requires evidence upon which to make a decision, not conjecture. The appellant failed to meet his burden of proof on the defense of comparative negligence.
The appellant's first assignment of error is overruled.
The second assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST.
In the second assignment of error the appellant asserts that the trial court improperly granted the appellee's motion for prejudgment interest. The appellant argues that the trial court improperly awarded prejudgment interest because the appellee presented no evidence at the prejudgment interest hearing. Apparently, the subpoena issued by the appellee for the claims file was deficient and the appellant's counsel appeared at the hearing without the claims file and without the adjuster.
In Glamish v. Cicchini (2000), 90 Ohio St.3d 22 the Supreme Court recently considered what must be presented at a hearing on prejudgment interest. The court noted that R.C. 1343.03(C) requires that the trial court determine the issue of prejudgment interest at a hearing held subsequent to the verdict or decision in the action. Thus, the trial court must hold a hearing on the motion [for prejudgment interest]. Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638.
R.C. 1343.03(C) reads as follows:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
In Glamish, the defendant argued that the hearing was not evidentiary in the sense that the plaintiff failed to present evidence of the parties' efforts to settle the case. In his reply brief to the court of appeals, defendant argues that it was not his burden to prove that he made the required settlement effort. Instead, defendant argued that plaintiff had the initial burden of proving the defendant's failure to make a good faith effort to settle the case. For support, the defendant relied on Moskovitz, supra, where the Supreme Court established that under R.C.1343.03(C), it is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle.
The Glamish Court held:
 In determining whether these efforts were reasonable, the trial court is not limited to the evidence presented at the prejudgment interest hearing.
 The court may also review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses. Otherwise, the hearing required under R.C. 1343.03(C) may amount to nothing less than a retrial of the entire case. Moskovitz, supra, 69 Ohio St. 3d at 661, 635 N.E.2d at 350.
In the present matter, the court held a hearing and determined that the appellee was entitled to prejudgment interest. Under Glamish, supra, the fact that the claims file was not introduced is not determinative. The trial court had sufficient evidence before it to make a decision on the motion for prejudgment interest.
The appellant's second assignment of error should be overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES J. SWEENEY, J., CONCURS; TERRENCE O'DONNELL, J., DISSENTS WITH DISSENTING OPINION ATTACHED.
 _________________________________ JAMES D. SWEENEY, PRESIDING JUDGE