Stephen J. **ALEXANDER**, Plaintiff,

v.

The **UNITED STATES** of America, **Defendant.**

**Civ. A. No. 36774.**

United States District Court
N. D. Ohio, E. D.

Jan. 3, 1962.

A. L. Kearns, Cleveland, Ohio, for plaintiff.

Russell E. Ake, former U. S. Atty., Canton, Ohio, for defendant.

CONNELL, Chief Judge.

The action before us is one for refund of certain wagering taxes and wagering stamp taxes allegedly erroneously assessed and wrongfully collected by the Internal Revenue Service. The complaint alleges jurisdiction under Section 1346 (a) (1) of Title 28 of the United States Code. The Government has filed a motion "to dismiss the complaint insofar as the complaint demands relief for periods subsequent to January 1, 1955, for the reason that this court lacks jurisdiction over this action, except for taxes assessed for the month of December, 1954."

█ The period for which the tax has been assessed begins in December of 1954 and runs through May of 1957. On June 3, 1957, by virtue of a levy, the Government collected from the taxpayer the amount in dispute. On June 4, 1959, the taxpayer filed a claim for refund. These facts are not in dispute.

The taxpayer, in his brief, refers this Court to Section 3313 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3313, which requires the taxpayer to file a claim for refund within four years of the date of collection. This section would seem to preserve the taxpayer's claim here. However, the Government, in its brief, refers us to Section 6511 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 6511, which requires the taxpayer to file a claim for refund within three years from the time the return was required to be filed, or within two years of the date of payment. (There is no allegation of any filing of a return.) Crucial to the issue here, the Government also refers us to Section 7851 of the Internal Revenue Code of 1954 dealing with the effective date of that Code. Section 7851 makes the shorter period of limitations effective January 1, 1955. Therefore, it is apparent that as to the amount of taxes accruing after that date, the taxpayer has not filed a claim within the two year period.

█ The time limitations contained in statutes for the filing of claims for tax refunds are not statutes of limitations in the ordinary sense. They are conditions under which the Government has consented to be sued, and are, therefore, substantive jurisdictional requirements, to be pleaded by the plaintiff. United States v. Chicago Golf Club, 84 F.2d 914 (7 Cir. 1936).

Therefore, the Government's motion to dismiss so much of the claim as related to the period after January 1, 1955 is granted, with permission to amend the complaint to conform to the jurisdictional requirements.