Judgment vacated in part<br>and modified in part.

WALTERS, P.J., and SHAW, J., concur.

**BROTT MARDIS & CO., Appellant and Cross–Appellee,**

**v.**

**CAMP, Appellee and Cross–Appellant.**

Court of Appeals of Ohio,<br>
Ninth District, Summit County.

No. 20325.

Decided May 30, 2001.

Christopher A. Tipping, for appellant and cross-appellee.

Patricia M. Ritzert, for appellee and cross-appellant.

WHITMORE, Judge.

{¶ 1} Appellant/cross-appellee Brott Mardis & Company ("Brott Mardis") has appealed the judgment of the Summit County Common Pleas Court that entered summary judgment in favor of appellee/cross appellant Gerald Camp ("Camp") on his claim for negligence. In addition, Camp has cross-appealed the trial court's denial of his motion for attorney fees. This court reverses the entry of summary judgment in favor of Camp, enters summary judgment in favor of Brott Mardis and affirms the denial of attorney fees.

I

{¶ 2} During 1989, 1990, and 1991, Camp had his employer withhold taxes from his paychecks. Meanwhile, he never submitted a tax return. Then, during July 1992, Camp enlisted the services of Brott Mardis to prepare his delinquent federal tax returns for those three tax years. However, Camp failed to provide Brott Mardis all of his tax information immediately. Rather, he supplied Brott Mardis the information on an annual basis, beginning with the 1989 records during early April 1993.

{¶ 3} On April 7, 1995, Camp delivered his 1991 tax information to Brott Mardis, who then completed Camp's delinquent return ("the Claim") for that year.[1] The Claim was mailed on April 15, 1995. The Internal Revenue Service ("IRS") received the Claim on April 18, 1995, but denied it as untimely.

{¶ 4} On June 25, 1996, Camp filed a complaint in the Akron Municipal Court, seeking monetary damages from Brott Mardis. Camp's complaint was later amended to allege that Brott Mardis negligently failed to submit Camp's delinquent 1991 federal tax return in a timely manner, thereby preventing him from recovering his refund for tax year 1991. Consequently, Brott Mardis filed a complaint against Camp in the Summit County Common Pleas Court, asserting claims for abuse of process, breach of contract, fraud, frivolous conduct, and negligent misrepresentation. Ultimately, the municipal action was transferred to the common pleas level, and the two cases were consolidated.

{¶ 5} The case subsequently came before the trial court on the parties' respective motions for summary judgment. After briefing, the trial court denied Brott Mardis's motion and entered summary judgment in favor of Camp, holding that Camp was entitled to recover because the Claim was filed on April 18, 1995, when Brott Mardis should have caused it to be filed on April 15, 1995. Next, Camp filed a motion for attorney fees. The matter was referred to a magistrate, who rendered a decision denying the motion. When Camp failed to file any objections, the trial court adopted the decision. Thereafter, Brott Mardis voluntarily dismissed its independent actions against Camp and appealed the trial court's judgment, asserting four assignments of error. Camp cross-appealed, advancing one assignment of error. This court will first address Brott Mardis's arguments germane to the disposition of the matter herein and then Camp's assignment of error in his cross-appeal.

---

1. In the case of personal income tax, a return claiming overpayment of taxes constitutes a claim for a refund. Section 301.6402-3(a)(5), Title 26, C.F.R. Thus, Camp's return, seeking a refund, constituted his claim for overpayment.

II

Brott Mardis's Second Assignment of Error

{¶ 6} "The trial court erred in its application of legal precedent when awarding summary judgment in favor of [Camp], on account that [Camp] is not legally entitled to collect or recover the tax refund sought against [Brott Mardis] as a matter of law."

{¶ 7} In its second assignment of error, Brott Mardis has challenged the trial court's determination that Camp, based upon the undisputed facts, would have received a refund but for Brott Mardis's untimely submission of his return to the IRS. In essence, Brott Mardis argued to the trial court and to this court on appeal that summary judgment should have been entered in its favor because, as a matter of law, Brott Mardis's actions were not the proximate cause of Camp's inability to recover his 1991 tax refund.

1. Standard of Review

{¶ 8} In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061. Stated another way, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293–294, 662 N.E.2d 264; *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164. Once a party has satisfied this initial burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264; *Vahila*, 77 Ohio St.3d at 429, 674 N.E.2d 1164. When the facts are undisputed, as in the instant case, this court must determine only whether the trial court's judgment was appropriate as a matter of law.

2. Negligence

{¶ 9} To establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom, i.e., proximate cause. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. Proximate cause is an act or failure to act which, in a natural and continuous sequence, directly produces the injury and

without which it would not have occurred. Proximate cause occurs when the injury is a natural and foreseeable result of the act or failure to act. See *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 143, 539 N.E.2d 614.

{¶ 10} In its motion for summary judgment, Brott Mardis asserted that federal tax law requires a taxpayer to submit a claim for a refund within two years of payment, as that term is defined, when that individual has not submitted a tax return for the tax year in which he or she overpays. Brott Mardis further argued that Camp's failure to provide it with his 1991 tax information until after that two-year window had closed was the true reason the IRS denied the Claim. Camp countered in his summary judgment motion that under federal tax law the Claim was his return, that Brott Mardis negligently failed to deliver it to the IRS by April 15, 1995, and that as a result of its failure to do so, he was barred from recovering his 1991 refund. Hence, it is incumbent on this court to determine whether, as a matter of law, but for Brott Mardis's failure to deliver Camp's delinquent return to the IRS by April 15, 1995, Camp would have recovered his 1991 refund.

### 3. Recovery of Federal Tax Refund

{¶ 11} Whether Camp was entitled to a refund for the 1991 tax year turns on the resolution of two points: (1) when Camp's 1991 taxes were deemed paid and (2) whether a two- or three-year statute of limitation applies. First, Camp's taxes for 1991 were deemed paid on April 15, 1992. Income taxes withheld at the source are deemed paid on the fifteenth day of the fourth month following the close of the taxable year, i.e., April 15 of the following year. Section 6513(b), Title 26, U.S.Code.

{¶ 12} The second question turns on the language found in Section 6511, Title 26, U.S.Code, which sets forth the statute of limitations for personal income tax refunds. That statute provides, in part:

{¶ 13} "(a) Period of limitation on filing claim.

{¶ 14} "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time *the return was filed* or 2 years from the time *the tax was paid,* whichever of such periods expires the later, or *if no return was filed* by the taxpayer, within 2 years from the time the tax was paid. * * *

{¶ 15} "(b) Limitation on allowance of credits and refunds.

{¶ 16} "(1) Filing of claim within prescribed period. No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a

claim for credit or refund is filed by the taxpayer within such period." (Emphasis added.)

{¶ 17}   A review of the plain language of this statute reveals that when neither a return nor a claim for a refund is filed within two years of the payment, a taxpayer is barred from recovering a refund. A return filed after those two years cannot resurrect the three-year period. See, e.g., *Miller v. United States* (C.A.9, 1994), 38 F.3d 473, 475–476; *Galuska v. Commr. of Internal Revenue* (C.A.7, 1993), 5 F.3d 195, 196; *Wipperfurth v. United States* (1989), W.D.Mich. No. G88–514 CA6, at * 4. To apply the statute in another fashion would be to say that no claim for a particular tax year would ever be barred so long as the return for that tax year remained unfiled. Conversely, if a return is submitted within the two-year period, a taxpayer is granted an additional three years from the date of the return in which to file his or her claim for a refund.

{¶ 18}   The United States District Court for the Northern District of Ohio has specifically held that in the absence of an income tax return during the two years following payment, a claim for refund of tax overpayments "must be made within two years from the date the tax was paid." *Acker v. United States* (N.D.Ohio 1981), 519 F.Supp. 178, 181, citing *Snyder v. United States* (C.A.10, 1980), 616 F.2d 1187, 1188; *Republic Petroleum Corp. v. United States* (C.A.5, 1980), 613 F.2d 518; and *Alexander v. United States* (N.D.Ohio 1962), 202 F.Supp. 434. In *Acker*, plaintiff Acker failed to file timely income tax returns for tax years 1962, 1963, and 1966. Taxes, exceeding his income tax liability, were withheld from his wages for those years. During November 1971, Acker filed delinquent tax returns for the years in question. When the IRS denied his claims for overpayment, he sued. Applying Section 6511(a), the court dismissed Acker's complaint, concluding that because Acker had not filed his refund claim within the *two-year* window after his taxes had been deemed paid, he was barred from recovering. *Acker*, 519 F.Supp. at 181.

{¶ 19}   Turning to the case at hand, the undisputed facts reveal that Camp had his taxes for the 1991 tax year withheld by his employer. They were deemed paid on April 15, 1992. On April 15, 1994, two years later, Camp had not yet submitted a return for the 1991 tax year. Pursuant to Section 6511(a), because no return had been filed as of two years after the date of payment, any claim for refund was untimely. Hence, when Camp supplied his 1991 tax information to Brott Mardis on April 7, 1995, his filing deadline had already passed, and the trial court erred by holding otherwise. In other words, based upon the undisputed facts, Camp was not entitled to recover his overpayment in the first place. Weighing all inferences in favor of the nonmoving party, this court holds that Camp cannot demonstrate that his failure to recover his refund for the tax year 1991 was the direct result of Brott Mardis's actions as a matter of law. Indeed,

Camp's failure to timely provide the documentation necessary for the Claim to Brott Mardis was the proximate cause for the IRS denial.[2] Brott Mardis's arguments to that end are well taken.

## Camp's Assignment of Error on Cross–Appeal

{¶ 20} "The [trial court] erred in rendering final judgment that [Camp] was not entitled to attorney fees, based upon a magistrate's decision, without considering [Camp's] motion for sanctions which was outside the scope of the order of reference to the magistrate, and upon which the magistrate had rendered no decision."

{¶ 21} In his cross-appeal and for his sole assignment of error, Camp has challenged the trial court's adoption of the magistrate's decision which overruled his motion for attorney fees. He essentially asserted that, on one hand, the magistrate considered matters outside the order of reference and, on the other hand, failed to consider certain issues that were before him. Brott Mardis has responded, arguing that by failing to file any objection to the magistrate's decision, Camp waived these arguments. This court agrees.

{¶ 22} The Ohio Rules of Civil Procedure permit parties to bring errors of law or fact made by the magistrate to the attention of the trial court so that they may be corrected before the trial court enters judgment. See Civ.R. 53(E)(3) and (4). Those same rules also dictate that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). Stated another way, if a party fails to object to a magistrate's finding or conclusion, that party waives the right to challenge the finding or conclusion on appeal. See, e.g., *Wright v. Mayon* (July 2, 1997), Summit App. No. 18050, at 3, 1997 WL 416322. Camp failed to so object, and his arguments are not properly before this court.

## III

{¶ 23} Brott Mardis's second assignment of error is sustained. Camp's sole assignment of error is overruled. This court declines to address the balance of the parties' assignments of error. See App.R. 12(A)(1)(c). The trial court's entry

---

2. Camp attached an affidavit to his motion for summary judgment in which he averred that Brott Mardis failed to advise him of the time limitations applicable to his ability to obtain a refund. However, Camp neglected to advance any *argument* suggesting that his delay in providing Brott Mardis the 1991 tax information was precipitated by the lack of such counsel on this point. This court is not required to construct arguments for parties, see *Ivery v. Ivery* (Jan. 12, 2000), Summit App. No. 19410, at 3, 2000 WL 46108, nor would it be appropriate to do so now.

of summary judgment in favor of Camp is reversed, and summary judgment is hereby entered in favor of Brott Mardis. App.R. 12(B). The trial court's adoption of the magistrate's decision is affirmed.

Judgment reversed in part
and affirmed in part.

BATCHELDER, P.J., and BAIRD, J., concur.