This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sharon Davis, Executrix of the Estate of Kenneth Davis, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion for summary judgment of Appellee, City of Akron. We affirm.
 {¶ 2} On May 14, 2001, Appellant filed a complaint against Appellee, KB Compost Services, Inc. and Burgess Niple Limited. Discovery commenced. Thereafter, Appellee, KB Compost Services, Inc. and Burgess Niple Limited each filed a motion for summary judgment. Appellant filed responses opposing summary judgment against Appellee and KB Compost Services, Inc. Appellant voluntarily dismissed Burgess 
Niple Limited pursuant to Civ.R. 41(A).
 {¶ 3} The trial court granted the two pending motions for summary judgment on July 2, 2002. Appellant timely appeals raising one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court erred in granting summary judgment in favor of [Appellee] City of Akron."
 {¶ 5} In her sole assignment of error, Appellant maintains that the trial court improperly granted Appellee's motion for summary judgment. Specifically, Appellant maintains that genuine issues of material fact remain to be litigated pertaining to the issue of Appellee's alleged negligence in the design and maintenance of the composting facility. We disagree.
 {¶ 6} In her complaint, Appellant alleges that Appellee "negligently failed to properly and adequately design, build, maintain, inspect, repair, and supervise the Akron Composting Facility." Appellee asserts that it is immune from such a suit under R.C. 2744.02.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686; Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant is to identify some evidence in the record, of the type listed in Civ.R. 56(C), in support of the motion. Id. at 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 9} Appellant maintains that "there is a genuine issue of material fact regarding whether the design and installation of the flooring adjacent to the chute opening constituted negligent conduct by [Appellee.]" In a negligence case, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered harm; and (4) the harm was proximately caused by defendant's breach of duty. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id. at 318.
 {¶ 10} Proximate cause has been defined as "an act or failure to act which, in a natural and continuous sequence, directly produces the injury and without which it would not have occurred." Brott Mardis Co. v. Camp, 147 Ohio App.3d 71, 2001-Ohio-4349, at ¶ 9. See U.S.Aviation Underwriters, Inc. v. B.F. Goodrich Co., 149 Ohio App.3d 569,2002-Ohio-5429, at ¶ 18. A plaintiff has the burden to prove proximate cause by a preponderance of the evidence. Garcea v. Woodhull, 9th Dist. No. 01CA0069, 2002-Ohio-2437, at ¶ 11, citing Gedra v.Dallmer (1950), 153 Ohio St. 258, paragraph one of the syllabus. Preponderance of the evidence entails the "greater weight of the evidence," evidence that is more probable, persuasive, and possesses greater probative value. State v. Williams, 5th Dist. No. 01 CA 24, 2002-Ohio-4267, at ¶ 13.
 {¶ 11} In Gedra, the Ohio Supreme Court stated that "[i]n a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible." 153 Ohio St. 258, paragraph two of the syllabus. The Court also stated that if the cause of an injury to a plaintiff may be reasonably attributed to an act for which defendant is not liable, the plaintiff has not satisfied the burden of showing that the injury was proximately caused by the negligence of the defendant. Id. at paragraph three of the syllabus.
 {¶ 12} The Supreme Court of Ohio later clarified Gedra and held that "where the facts from which an inference of probable proximate cause must be drawn are such that it is as reasonable to infer other causes, plaintiff has failed to supply proof of probable cause. Where plaintiff has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated." WestinghouseElectric Corp. v. Dolly Madison Corp. (1975), 42 Ohio St.2d 122, 127. However, a plaintiff need not disprove all other possible causes to prevail when he establishes facts from which an inference of negligence can be drawn. Birkhimer v. Sports-N-Stuff, Inc., 9th Dist. No. 01CA007849, 2001-Ohio-1655, at 6, citing Westinghouse Electric Corp.,42 Ohio St.2d at 126-28. Therefore, when a plaintiff does not present evidence from which it is reasonable to infer that defendant's negligence was the cause of the harm he has failed to establish a genuine issue of fact as to causation and summary judgment is appropriate. See Birkhimer, supra, at 6-7; Westinghouse Electric Corp., 42 Ohio St.2d at 129.
 {¶ 13} In the instant case, there exists a lack of competent evidence to demonstrate how the death occurred. Appellant has failed to show that Appellee's design proximately caused the death of the decedent. At his deposition, Rodney Tucker ("Tucker"), of the Akron Police Department, testified that he was unable to identify any witnesses to the event. Appellant did not demonstrate otherwise. Moreover, those deposed could only offer speculative statements. Tucker asserted what "appeared" to have happened; the decedent's body traveled through four different conveyor belts. Brian Culler, previously employed by KB Compost, offered various theories that "people seemed to think[:]" either decedent had a heart attack or was riding the conveyor to save walking time. Furthermore, forensic investigator Roger Biggins stated that he recorded in his notes the statement: "apparently [decedent] had been riding the conveyor belt, either intentionally to get from one part of the facility to another or had fallen on the conveyor belt after experiencing a physical ailment." Ernst Walker testified that he saw decedent ride the conveyor on a prior occasion. Additionally, Appellant offered the report of Simon Tamny ("Tamny"), a registered professional engineer, which found that the failure to remedy the dangers created by the grating project "directly caused the unnecessary death of [decedent]." However, Tamny did not base this report on evidence from which it was reasonable to infer that Appellee's negligence caused decedent's death as no such evidence is present in the record.
 {¶ 14} After a thorough review of the record, we find Appellant has not sustained the burden of showing decedent's death was proximately caused by the alleged negligence of Appellee. Additionally, Appellee asserts governmental immunity under R.C. 2744.02(A)(1). However, irrespective of whether Appellee is found to be clothed with immunity, proximate cause has not been established and thus there is no genuine issue of material fact in dispute to survive a motion for summary judgment. Accordingly, Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.