OPINION
{¶ 1} Plaintiffs-appellant Donald Macksyn, Administrator of the Estate of Rodney Macksyn, deceased, appeals from the September 29, 2005, Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Northstar Asphalt, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The case at bar involves the death of Rodney C. Macksyn as a result of a motorcycle accident which occurred September 4, 2001 on Bolivar Avenue in Canton, Stark County, Ohio. Appellant contends that the accident was caused by the appellee's negligence and/or careless resurfacing around a manhole located on Bolivar Avenue.
 {¶ 3} Officer Richard Kinlow, a fourteen year veteran of the City of Canton Police Department investigated the motorcycle accident on September 4, 2001. Officer Kinlow has been assigned to the Accident Investigation and Prevention Bureau of the City of Canton Police Department since 1999. Officer Kinlow received training in crash investigation, and has testified in court concerning the cause of motor vehicle crashes on more than ten occasions.
 {¶ 4} Officer Kinlow was not on duty when he received a call from his department to respond to a motor vehicle crash. (T. at 12). Officer Kinlow arrived on the scene and was met by Officer Fuelling, a patrolman who was the first officer on scene. (T. at 13). The scene of the accident had remained undisturbed except that the coroner had removed the deceased. (T. at 14). Officer Kinlow began to investigate the accident. He prepared a diagram of the accident scene including the documentation of relevant pieces of evidence and road markings. Based upon his training and experience, it was the opinion of Officer Kinlow that the operator of the motorcycle did not negotiate the curve on Bolivar Avenue, made an unsafe movement to the left and lost control:
 {¶ 5} "Q: Do you have an opinion as to how this accident occurred:
 {¶ 6} "A: Yes, I do:
 {¶ 7} "* * *
 {¶ 8} "As I drove the path or drove this roadway and as I looked up the hill, what is referred to in my drawing as Reference Point 2 is the Ameritech pole — or Ohio Power pole, and as you look up the hill, it appears that the pole is to the left of the roadway not to the right. There is a bend in the roadway, it curves to the left. It is my opinion that as you're driving up the hill it appears that the roadway is straight until you actually drive it, you observe that there is a turn to the left.
 {¶ 9} "It is my opinion that the operator did not negotiate that curve to the left, continued straight and made that moment — or movement in an unsafe fashion and lost control.
 {¶ 10} "* * *
 {¶ 11} "Q: Based on your training and experience in investigating accidents since 1999, do you have any reason to believe that this motorcycle accident was caused by a manhole on Bolivar Road at or near the accident scene?
 {¶ 12} "A. I don't believe that was the cause of the accident."
 {¶ 13} (T. at 16-17; 19-20).
 {¶ 14} Officer Kinlow further testified that the deceased's intoxication, .22 BAC, caused imbalance in his body. (T. at 18). The imbalance caused by the intoxication was also a factor in the cause of the accident. (Id.). Officer Kinlow, was the only expert identified by either party.
 {¶ 15} Appellant presented photographs of the motorcycle, photographs of a manhole allegedly located on Bolivar Avenue and the Affidavit of the deceased's father. In the Affidavit, Mr. Macksyn gives his layman's opinion as to how the accident could have occurred. Donald Macksyn claims, "The damage to the front wheel could have been caused by the decedent, Rodney Macksyn, running over the manhole."
 {¶ 16} On May 12, 2005, the trial court set the deadlines for the management of this case. Specifically, appellant was to identify experts, and produce expert reports by April 2, 2005. Appellant did not identify an expert or produce an expert report.
 {¶ 17} Appellee filed its Motion for Summary Judgment on September 8, 2005, relying on the expert testimony of Officer Richard Kinlow. Appellant filed his response on September 22, 2005. The trial court granted Appellee's Motion for Summary Judgment on September 29, 2005 finding "the plaintiff has not provided the Court with any evidence to rebut the position of the defendant." (Judgment Entry, filed Sept. 29, 2005).
 {¶ 18} It is from the trial court's September 29, 2005, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 19} "I. IT IS A QUESTION FOR THE JURY TO DECIDE AS TO WHETHER THE DECEDENT, RODNEY C. MACKSYN DROVE HIS MOTORCYCLE OVER A HAZARD CREATED BY THE DEFENDANT, NORTHSTAR ASPHALT INC., WHEN THE ROAD WAS RESURFACED AROUND THE MANHOLE".
 I. {¶ 20} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee's Motions for Summary Judgment. We disagree.
 {¶ 21} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
 {¶ 22} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, 605 N.E.2d 936, citing Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66,375 N.E.2d 46.
 {¶ 23} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the nonmoving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.
 {¶ 24} Appellate review of summary judgments is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588, 641 N.E.2d 265; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court is found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327.
 {¶ 25} In the sole assignment of error, appellant argues that an issue of fact exists concerning whether the decedent drove his motorcycle over a manhole causing him to lose control. Appellees assert that the evidence in the record does not support the allegation. In support of their position appellee relies upon the deposition testimony of Officer Richard Kinlow, a fourteen year veteran of the City of Canton Police Department.
 {¶ 26} In his deposition, Officer Kinlow opined that the decedent did not negotiate the curve on Bolivar Avenue, made an unsafe movement to the left and lost control of his motorcycle. (T. at 16-17; 19-20). On cross-examination, Officer Kinlow stated "[m]y testimony is I don't believe a manhole cover was a factor in the crash." (T. at 34). Officer Kinlow further noted "I didn't include a manhole cover in my drawing[of the accident scene] because at the time I didn't determine that a manhole cover would have been an element or contributing factor in this crash." (T. at 35).
 {¶ 27} After a review of the record, we find that appellee did meet their initial burden under Civ.R. 56 as appellee set forth specifically which areas of appellant's claim raise no genuine issue of material fact. After a proper motion for summary judgment is made, "the nonmoving party must do more than supply evidence of a possible inference that a material issue of fact exists; it must produce evidence of specific facts which establish the existence of an issue of material fact." Carrierv. Weisheimer Companies, Inc. (Feb. 22, 1996), Franklin App. No. 95AP-488, citing Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. "It is the nonmoving party's responsibility to produce evidence on any issue for which it bears the burden of production at trial." Id., citing Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.
 {¶ 28} Appellant presented the affidavit of Donald J. Macksyn, the decedent's father. Mr. Macksyn averred that he was present at the crash scene and took photographs of the manhole in the roadway, as well as decedent's motorcycle. However, he did not witness the accident. Mr. Macksyn averred that the decedent would have passed the manhole prior to striking the pole. He further averred that "[t]he damage to the front wheel [of decedents motorcycle] could have could have been caused by the decedent . . . running over the manhole."
 {¶ 29} A party cannot avoid summary judgment solely by submitting a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88. As such, a party's unsupported and self-serving assertions offered by personal affidavit and without corroborating evidentiary materials will not be sufficient to demonstrate a material issue of fact precluding summary judgment. Id. Such possibility, that the decedent "could have run over the manhole," based only on the affiant's belief does not create a genuine issue of material fact, but rather require a trier of fact to render a decision based upon mere speculation. It is well-settled that "a jury verdict may not be based upon mere speculation or conjecture."Westinghouse Elec. Corp. v. Dolly Madison Leasing FurnitureCo. (1975), 42 Ohio St.2d 122, 126, 326 N.E.2d 651. "[W]here the facts from which an inference of probable proximate cause must be drawn are such that it is as reasonable to infer other causes, plaintiff has failed to supply proof of probable cause. Where plaintiff has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated". Id. at 127, 326 N.E.2d at 656.
 {¶ 30} The appellant's theory of the cause of the accident amounted to nothing more than the suggestion that other causes were possible. After a thorough review of the record, we find Appellant has not sustained the burden of showing decedent's death was proximately caused by the alleged negligence of appellee. Thus there is no genuine issue of material fact in dispute to survive a motion for summary judgment. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 31} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.